UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Denise Nitti<br><br>Plaintiff,<br><br>v.<br><br>Asset Acceptance, LLC<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE MICHIGAN OCCUPATIONAL CODE, AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Denise Nitti, ("Denise"), is a natural person who resided in Circle Pines, Minnesota at all times relevant to this action.

2. Defendant, Asset Acceptance, LLC, ("AA"), is a Delaware Limited Liability Company that maintained its principal place of business in Warren, Michigan, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's claims under the Michigan Occupational Code ("MOC"), Mich.

1

Comp. Laws § 339.901, *et seq.*, because those claims share a common nucleus of operative facts with Plaintiff's claims under the FDCPA.  S*ee Litt v. Midland Credit Management, Inc.*, 2014 U.S. Dist. LEXIS 66658 (E.D. Mich. May 15, 2014)(in FDCPA case, supplemental jurisdiction exercised over claims under MOC).

5. Pursuant to 28 U.S.C. §1391(b), venue is proper because Defendant resides in this judicial district.

## STATEMENT OF FACTS

6. At all times relevant to this action, AA collected consumer debts.

7. AA regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. The principal source of AA's revenue is debt collection.

9. AA is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. As described, *infra*, AA contacted Denise to collect a debt that was incurred primarily for personal, family, or household purposes.

11. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

12. Denise is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On or around August 2014, AA telephoned Denise at Denise's place of employment in connection with the collection of the debt.

14. During this communication, Denise communicated her desire that AA cease calling Denise at her place of employment.

15. Despite being notified of this desire, AA telephoned Denise at Denise's place of employment in connection with the collection of the debt.

16. On more than one occasion, Denise communicated her desire that AA cease calling Denise at her place of employment.

17. On at least one occasion, AA requested to speak with Denise's Human Resources manager, which caused Denise to worry that AA would contact her employer in connection with the collection of the debt.

18. AA caused Denise emotional distress.

19. AA attempted to collect a debt from Denise.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff re-alleges and incorporates by reference Paragraphs 12 through 18 above as if fully set forth herein.

21. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff re-alleges and incorporates by reference Paragraphs 12 through 18 above as if fully set forth herein.

23. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff re-alleges and incorporates by reference Paragraphs 12 through 18 above as if fully set forth herein.

25. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT FOUR

### Violations of the Michigan Occupational Code

26. Plaintiff re-alleges and incorporates by reference Paragraphs 12 through 18 above as if fully set forth herein.

27. Defendant is a "collection agency" as that term is defined in the MOC, Mich. Comp. Laws § 339.901(b).

28. Plaintiff is a "consumer" as defined by the MOC and is a person whom the act was intended to protect, Mich. Comp. Laws § 339.901(f).

29. Defendant attempted to collect a "debt" within the meaning of Mich. Comp. Laws § 339.901(a).

30. Under Mich. Comp. Laws § 339.904, Defendant is subject to the provisions of the MOC that regulate collection practices.

31. Defendant willingly and knowingly violated Mich. Comp. Laws § 339.915(n) by using harassing, oppressive, or abusive methods to collect a debt.

32. Defendant willingly and knowingly violated Mich. Comp. Laws § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

33. Defendant's willful violations of the MOC entitle Plaintiff to a civil penalty of not less than three (3) times the actual damages he sustained as a result of Defendant's violations of the MOC.

## JURY DEMAND

34. Plaintiff demands a trial by jury.

## **PRAYER FOR RELIEF**

35. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. Judgment against Defendant for actual damages, statutory damages, costs and reasonable attorney's fees, plus a civil penalty of not less than three (3) times Plaintiff's actual damages, pursuant to Mich. Comp. Laws § 339.916.

   c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: __/s/ David M. Menditto__
David M. Menditto, Esq.
Hyslip & Taylor, LLC, LPA
1100 W. Cermak Rd., Suite B410
Chicago, IL  60608
Phone: 312-380-6110
Email: DavidM@fairdebt411.com
IL Bar No. 6216541

Date: December 29, 2014